UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-320 CAS (PJWx) | Date | March 16, 2011 |
|---|---|---|---|
| Title | ROBERT RIOS v. AMES TRUE TEMPER, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers): ORDER TO SHOW CAUSE FOR LACK OF SUBJECT MATTER JURISDICTION

## I. INTRODUCTION

On January 20, 2011, plaintiff filed the instant action in the Riverside County Superior Court. Plaintiff alleges defendants acted negligently in the design, manufacture, and sale to the public of a defective garden hose cart with a pneumatic tire that exploded, causing plaintiff severe permanent injuries. On February 18, 2011, defendants filed in the Superior Court their answer to plaintiff's complaint. On February 22, 2011, defendants removed the action to federal court pursuant to 28 U.S.C. §§ 1332 and 1441(a), alleging defendants' belief that "the matter in current controversy exceeds the sum of $75,000." Notice of Removal at ¶ 7.

## II. LEGAL STANDARD

Courts in the Ninth Circuit strictly construe the removal statute against removal jurisdiction. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). Removal founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000. See Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1332(a)(1). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold" required for subject matter jurisdiction. Id. Conclusory allegations are insufficient. Id. at 1091.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-320 CAS (PJWx) | Date | March 16, 2011 |
|---|---|---|---|
| Title | ROBERT RIOS v. AMES TRUE TEMPER, INC., ET AL. | | |

### III. DISCUSSION

It appears defendants do not meet their burden of establishing the jurisdictional minimum. It is not facially evident from plaintiff's form complaint that the amount in controversy exceeds the jurisdictional requirement. Plaintiff seeks no specific amount in damages; instead, the complaint indicates the action is an unlimited civil case in which damages will exceed $25,000. Compl. at 1. Defendants assert their belief that the matter in controversy exceeds $75,000 "because of the nature and severities of the injuries and damages allegedly suffered by plaintiff as a result of unspecified defects" in defendants' product. Notice of Removal at ¶ 7. Belief based on plaintiff's injuries, however, is insufficient for defendants to meet their burden. See Matheson, 319 F.3d at 1090-91. Defendants do not provide evidence beyond a vague reference to plaintiff's injuries that establishes by a preponderance of the evidence that the amount in controversy will exceed $75,000. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (citing Gaus, 980 F.2d at 567 (holding that a conclusory allegation "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [a defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" the required amount)). Plaintiff's alleged injuries may be severe, but this information gives the Court no ability to judge whether they are sufficient to meet the jurisdictional minimum. Defendants therefore do not establish that this Court may properly exercise diversity jurisdiction.

### IV. CONCLUSION

Based on the foregoing, defendant is hereby ORDERED to SHOW CAUSE on or before April 5, 2011, why the instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |