UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-320 CAS (PJWx) | Date | February 23, 2012 |
|---|---|---|---|
| Title | ROBERT RIOS v. AMES TRUE TEMPER, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** (In Chambers:) **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT** (filed 1/26/2012)

**I.    INTRODUCTION AND BACKGROUND**

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of February 27, 2012, is vacated, and the matter is hereby taken under submission.

On January 20, 2011, plaintiff Robert Rios commenced the instant action in Riverside County Superior Court against Ames True Temper, Inc. ("Ames") and McCaster-Carr Supply Company ("McCaster") (collectively "defendants") for (1) strict liability; (2) negligence (against Ames only); and (3) breach of warranty. The complaint alleges that when plaintiff inflated a tire on an Ames garden hose wagon, the rim exploded and separated, causing plaintiff serious injuries. Compl., Attachment L-7. On February 22, 2011, defendants removed the action to this Court on the basis of diversity jurisdiction.

At the June 27, 2011, scheduling conference, the Court set an August 26, 2011, deadline to request leave to file amended pleadings. Dkt. No. 19. On September 2, 2011, after the deadline had passed, plaintiff's attorney Daniel Powell deposed Michael Weik, an Ames employee, as "the person most knowledgeable concerning the Ames True Temper Reel Easy Estate Hose Wagon in question." Dkt. No. 33 ¶ 2. At that deposition, Powell allegedly learned that Ames had knowledge that the rim could separate and knowledge of a safe and inexpensive alternative, but did not recall the product. Id. ¶¶ 7, 8. According to plaintiff, this testimony provides grounds for pursuing punitive damages against defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-320 CAS (PJWx) | Date | February 23, 2012 |
|---|---|---|---|
| Title | ROBERT RIOS v. AMES TRUE TEMPER, INC. | | |

Accordingly, on January 26, 2012, plaintiff filed the instant motion for leave to file a first amended complaint to include a prayer for punitive damages and facts to support such a claim. Ames filed an opposition on February 6, 2012, and plaintiff filed his reply on February 8, 2012. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

As a preliminary matter, the Court must decide whether Fed. R. Civ. P. 15(a) or Fed. R. Civ. P. 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Fed. R. Civ. P. 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings and the deadline has passed, Fed. R. Civ. P. 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Here, the Court set a deadline of August 26, 2011, for parties to request leave to amend. Dkt. No. 19. Therefore, plaintiff must demonstrate "good cause" for amendment under Rule 16. If "good cause" is shown, plaintiff must demonstrate that amendment is proper under Rule 15(a).

### A. Federal Rule of Civil Procedure 16

Fed. R. Civ. P. 16(b)(4) provides that a scheduling order shall be modified "only for good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-320 CAS (PJWx) | Date | February 23, 2012 |
|---|---|---|---|
| Title | ROBERT RIOS v. AMES TRUE TEMPER, INC. | | |

effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985).

### B. Federal Rule of Civil Procedure 15

Fed. R. Civ. P. 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend.'" Id. (quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990)); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. And "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-320 CAS (PJWx) | Date | February 23, 2012 |
|---|---|---|---|
| Title | ROBERT RIOS v. AMES TRUE TEMPER, INC. | | |

### III.   DISCUSSION

Plaintiff requests leave to file a first amended complaint in order to allege punitive damages and facts to support such a claim.  Plaintiff argues that the deposition of Ames's employee Weik establishes by "clear and convincing evidence that defendant Ames . . . acted with malice, oppression and with despicable conduct in its failure to recall a product it knew to be defective," warranting punitive damages.  Mot. at 4.  Specifically, plaintiff contends that on May 14, 2008, Ames conducted a quality control test of the original product which revealed that over-inflation of the wagon's tire could result in separation of the rim.  Id. at 3.  According to plaintiff, the test also revealed that if four safety washers were inserted, the tire would burst instead.  Powell Dec. ¶ 7.  Plaintiff contends that despite these results, Ames "made a callous business decision not to recall the defective products."  Mot. at 4.  Finally, plaintiff argues that modification of the scheduling order and leave to amend are warranted because plaintiff did not learn these facts until after the August 26, 2011, deadline imposed by the Court.  Id. at 5.

In opposition, Ames argues that plaintiff has offered no excuse for the delay, either for taking the deposition after the deadline or waiting nearly five months after taking the deposition to file the instant motion.  Opp'n at 4.  Additionally, Ames contends that amendment would be prejudicial because it is based on the inadmissible hearsay testimony of Powell repeating what Weik said in his deposition.  Id. at 5.  Finally, Ames contends that amendment would be futile because plaintiff has not pled facts demonstrating despicable conduct and merely makes conclusory allegations.  Id. at 7.

In reply, plaintiff argues that the deposition was taken after the deadline at the request of Weik and Ames's counsel.  Reply at 3.  Plaintiff also argues that he need not put forward admissible evidence to justify amendment at this time.  Id.  Additionally, plaintiff maintains that his new allegations are sufficiently pled.  Id. at 4.

The Court finds that plaintiff has shown good cause to modify the June 26, 2011 scheduling order to permit filing of the first amended complaint.  Plaintiff did not learn of facts supporting a claim for punitive damages until after the August 26, 2011 deadline.  The Weik deposition was originally set for August 2, 2011, but it was postponed until September 2, 2011, at the request of Weik and defense counsel.  Reply at 3.  Therefore, plaintiff cannot be faulted for not discovering these facts before the August 26, 2011, deadline.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-320 CAS (PJWx) | Date | February 23, 2012 |
|---|---|---|---|
| Title | ROBERT RIOS v. AMES TRUE TEMPER, INC. | | |

Additionally, Ames has failed to demonstrate prejudice that would result from granting plaintiff's motion, while denying the motion might result in prejudice to plaintiff who would be precluded from recovering damages to which he may otherwise be entitled. See Morris v. Parke, Davis & Co., a Div. of Warner-Lambert, 573 F. Supp. 1324, 1327 (C.D. Cal. 1983) ("The California courts have repeatedly upheld the right of plaintiffs to recover punitive damages in products liability cases."). Finally, the Court notes that the discovery deadline, which is set for April 24, 2012, has not yet passed.

Accordingly, the Court finds that plaintiff has demonstrated "good cause" to amend the scheduling order to permit the filing of the first amended complaint under Rules 16 and 15. Fed. R. Civ. P. 15(a), 16(b)(4).

## IV.   CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiff's motion for leave to file a first amended complaint. Plaintiff shall have **twenty (20) days** from the date of this order to file an amended complaint.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |